**GENERAL ELECTRIC COMPANY, a Corporation, Appellee,**

v.

**D. H. OVERMYER CO., Inc., a Missouri Corporation and D. H. Overmyer Co., Inc., an Ohio Corporation, Appellants.**

No. 71–1215.

United States Court of Appeals, Eighth Circuit.

Jan. 19, 1972.

Rexford H. Caruthers, Stephen K. Lambright, Thomas E. Tueth, Lashly, Caruthers, Rava, Hyndman & Rutherford, St. Louis, Mo., R. M. Brown, Brown, Storey, Stanziale & Ferry, Washington, D. C., for appellants.

Fred Leicht, Jr., St. Louis, Mo., Walter M. Clark, Thomas E. Wack, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, and ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Pursuant to jury verdicts the court rendered a judgment in favor of plaintiff General Electric Company on Count I of its complaint in the sum of $3,628.-10, and on Count II in the sum of $50,-001. Pursuant to directions from the court, the jury found for plaintiff on defendants' counterclaim, and judgment was rendered accordingly. The defendants bring the case here on appeal and present three contentions of error:

1. That the court erred in excluding certain evidence offered by the defendants relating to Count II.

2. That the court erred in failing to set aside the punitive damage award on Count II in the amount of $50,000. They seek reversal and remand for another trial on this count, or for a substantial reduction of the punitive award.

3. That the court erred in directing a verdict for plaintiff and against the defendants on the counterclaim.

We have carefully examined the record and find, (1) that the jury's verdict is responsive to substantial evidence; (2) that the court did not err in excluding the evidence offered by the defendants; (3) that the punitive damage award was justified under the facts and circumstances and the applicable law and, finally, no error was committed by the court in directing a verdict for the plaintiff on the counterclaim.

The judgment is in all respects affirmed. See Rule 14, Rules of the United States Court of Appeals for the Eighth Circuit, effective May 1, 1971.